**TRAYLOR et ux. v. WEST.**

Court of Appeals of Kentucky.

Feb. 27, 1953.

John F. Coldiron and Frank K. Warnock, Greenup, Carlton Counts, South Shore, for appellants.

Harvey Parker, Jr., Vanceburg, T. E. Nickel and Oscar Sammons, Greenup, for appellee.

CLAY, Commissioner.

This controversy involves the ownership of a strip of land about 100 feet long and 30 feet wide. The strip is within the boundary described in appellee's deed. Appellants owned the adjoining tract, and their claim is that they have adversely possessed the strip by encroachment since March 1929.

After suit was filed the Court directed Mr. E. G. Curtis, a surveyor, to locate the correct boundary line between the lands of the parties. He did so, and there is no dispute about its proper location. The action was tried before a jury, and they returned a verdict which simply stated that they agreed with the survey of Mr. Curtis.

Appellants contend they were entitled to a directed verdict because their evidence showed adverse possession of the strip for more than 15 years. It does appear that they maintained a few small buildings on the disputed land and had cultivated it to some extent. However, the testimony for appellee is that while appellants did encroach upon their land, the matter was discussed on several occasions and appellants stated that they would move their buildings if they were not within their boundary.

Appellants cite authorities to the effect that even though a party may make a mistake as to the true location of a boundary line, if he has the intention to hold another's property adversely, such intention will determine the nature of the possession. On the other hand, appellee cites numerous authorities to the effect that where one occupies another's land by mistake but does not intend to claim land not belonging to him, his possession will not be adverse.

Under both lines of cases the claimant's intention is the controlling factor. The evidence in the case was conflicting on this question of intent, and therefore appellants were not entitled to a directed verdict.

Appellants further contend that the instructions were erroneous and confusing and amounted to a directed verdict for appellee. We have read them carefully and they are not subject to appellants' criticism. They presented clearly both appellants' and appellee's theory of the case. The jury was authorized to find for appellants if they believed their possession had been actually adverse rather than permissive or with an intention to claim only to the true boundary. The verdict itself standing alone appears incomprehensible, but under Instruction 1 this was the type of verdict authorized if the jury found for appellee. On the whole case we believe the issues were fairly presented and the evidence supported the verdict and judgment.

The judgment is affirmed.